BLANCHE, Judge.
This is an appeal from a judgment denying a motion for confirmation of preliminary default.
*1238 Plaintiff-appellant brought this suit for specific performance of an agreement involving property in St. Tammany Parish. It is the same property which the trial court had previously decreed should have been partitioned by licitation.[1] Plaintiff was a defendant in the partition suit and let that suit go to judgment without putting at issue the agreement which he now asserts gives him the right to specific performance. After considering the evidence submitted by the plaintiff on confirmation, the trial court denied the motion, stating:
“In reviewing the record in this case and carefully considering the evidence presented on December 12, 1977, the court has concluded that the proof offered does not justify the relief sought. In addition the property that is the subject of this case is the same property that another division of this court has decreed should be partitioned by licitation and although this matter is now on appeal the court observes that the defendant had every opportunity to raise the claim that he asserted in this case, but did not do so for reasons that are not now apparent to the court.” (Record, p. 23)
The agreement sought to be enforced is represented by two writings, both dated the same date, one written by Hugues de la Vergne, II, (Exhibit H-l) and one written by Charles de la Vergne, Jr. (Exhibit C-l). The agreements are identical except for the order of the signatures:
“Louis buys homesite (700 X 1200 approx) from Uncle Jules & Aunt Claire for 4 of total price from them of $350,-000 & from Hugues to Charles their interest based on same purchase price.
“Heirs of C.E.V. buy the remainder (vacant land) from Uncle Jules & Aunt Claire for % of total price and sell part after 9 months to pay purchase price and to acquire new road.”
As we read the agreement, it does not contain any obligatory language which would require the parties to buy or sell according to its terms. At most, it indicates nothing more than an expression of intention between the parties thereto. Furthermore, whatever were the intentions of the parties as expressed by the above agreement, the trial judge could have considered them abandoned, as he took judicial notice of the partition suit in another division of the court which had gone to judgment without appellant having offered the agreement in defense thereof.
For the above and foregoing reasons, we affirm the judgment of the trial court denying plaintiff’s motion for preliminary default, at plaintiff’s costs,
AFFIRMED.

. This judgment was affirmed by this Court on the 12th day of June, 1978, in Appeal No. 11,984 on the docket of this Court.